UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RONALD L. ALLEN, TDOC # 356042    )
                                  )
v.                                )NO. 2:05-CV-02
                                  )
WASHINGTON COUNTY, TENNESSEE;     )
JOHNSON CITY POLICE DEP'T;        )
WASHINGTON COUNTY DETENTION       )
CENTER; and IVAN LILLY            )

# MEMORANDUM and ORDER

This matter, which was transferred to this Court from the Western District of Tennessee, is a *pro se* civil rights action for injunctive and monetary relief brought under 42 U.S.C. § 1983, by a former inmate in the Washington County Detention Center (WCDC), who is now confined in a state prison. The plaintiff is **ASSESSED** the civil filing fee of $150.00. *See* 28 U.S.C. § 1914(a).[1] Accordingly, the custodian of the plaintiff's inmate

---

[1] Pursuant to the Omnibus Appropriations Act of 2005, the filing fee was increased to $250 for cases filed on or after February 7, 2005. However, since the plaintiff filed his case

trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

>  (a)  twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
>  <u>or</u>
>  (b)  twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on December 14, 2004. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

In his complaint, the plaintiff alleges three claims. In the first one, he maintains that his arrest was predicated on lies and

---

prior to the increase, he is being assessed the old fee.

  [2]  Send the payments to:
>  Clerk, USDC
>  220 West Depot Street, Suite 220
>  Greeneville, TN 37743

2

that he was denied an attorney by Johnson City Police Officer Brian Rice. (Officer Rice has not been named as a defendant.) This claim, however, is barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477, (1994). In *Heck*, the Supreme Court held that, in an action for damages, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 486. In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

In this case, while the plaintiff has alleged that he was denied an attorney when he was arrested and that lies were told about his confession, he has not claimed, and it does not appear, that any conviction which resulted from that arrest has been ruled invalid. In short, because he has suffered no cognizable injury at this time, his § 1983 claim for damages based on those particular allegations cannot stand and is **DISMISSED** without prejudice.

In his next claim, he alleges that Ivan Lilly, his attorney, did not visit him the entire year he awaited trial and that this constitutes legal malpractice and racial discrimination. In order to state a viable claim under § 1983, a plaintiff must allege that

3

he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). The second element is missing in this claim because, regardless of whether defendant Lilly is a public defender or a private attorney, he is not a state actor. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 and 321 (1998) (lawyers and public defenders representing clients are not state actors "under color of law" within the meaning of § 1983). This claim is **DISMISSED** for failure to state a claim.

His third claim is that, in June of 2004, he filled out a medical request form at the WCDC; was charged a fee for medical treatment; but was denied medical attention. He further maintains that, even though he had medications with him when he arrived at that facility, the medications were taken from him and he has never seen them or heard of them since that time.

This claim must also be dismissed because, as a prisoner bringing a civil rights action pursuant to 42 U.S.C. § 1983, the plaintiff must first allege and show that he has exhausted all

4

available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).

In this case, the plaintiff maintains, in section II of his complaint, that there is no institutional grievance procedure and that he wrote letters to various officials and agencies. The

5

Court takes judicial notice that an official at the WCDC has testified by affidavit that there is a multi-step grievance process in effect at that facility and that all inmates who enter that facility are supplied with an inmate handbook, which contains the procedures for filing grievances. (See Doc. 14, Affidavit of Brenda Downes at ¶ 2 in *Hartsell v. Graybeal*, Civil Action No. 2:03-cv-148). The affidavit was supported by a copy of the inmate handbook which substantiates that the WCDC provides a grievance system through which prisoners can present their complaints to jail authorities, including medical grievances. (*Id.*, Exh. A). Writing letters to jail officials, in lieu of utilizing an established grievance procedure, is insufficient to show administrative exhaustion of claims. *Shepard v. Wilkinson*, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) (citing *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir.1999)). Thus, the plaintiff has failed to bear his burden of showing exhaustion as to his third claim and it is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter dismissing this action without

prejudice for failure to exhaust administrative remedies.

ENTER:

                                                <u>s/Thomas Gray Hull</u>
                                                THOMAS GRAY HULL
                                                  SENIOR U. S. DISTRICT JUDGE

7

Case 2:05-cv-00002   Document 3   Filed 06/17/05   Page 7 of 7   PageID #: 51